DONNA M. MEZIAS (SBN 111902)
LIZ K. BERTKO (SBN 268128)
dmezias@akingump.com
lbertko@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:    415-765-9500
Facsimile:    415-765-9501

DONALD R. LIVINGSTON (DC BAR NO. 436063)
ESTHER G. LANDER (DC BAR NO. 461316)
Admitted *pro hac vice*
dlivingston@akingump.com
elander@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Defendant

MARY J. SHEA (SBN 113222)
SHEA LAW OFFICES
1814 Franklin Street, Suite 800
Oakland, Ca 94612
Tel: 510-208-4422
Fax: 415-520-9407
Email: Mary@Shealaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIN ZAW DINU, LANA BRANCH, ROSE SAMANO, DAWANA TAYLOR, CARLA VARAO, and DALINDA ARMENTA, on behalf of themselves and similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation and DOES 1 through 20,<br><br>Defendants. | Case No. 2:15-cv-00929-JAM-AC<br><br>**STIPULATION AND ORDER TO TEMPORARILY STAY DISCOVERY AND CASE MANAGEMENT DATES PENDING MEDIATION** |

## STIPULATION AND ORDER

Plaintiff Tin Zaw Dinu, Lana Branch, Rose Samano, Dawana Taylor, Carla Varao, and Dalinda Armenta (collectively, "Plaintiffs") and defendant Home Depot U.S.A., Inc. ("Defendant") (collectively, the "Parties"), hereby enter into this stipulation based on the following facts and circumstances:

1. On or about September 8, 2015, the Court issued a Scheduling Order in the above-referenced matter, setting the following dates:

    a. March 28, 2016 – initial expert exchange
    b. April 1, 2016 – supplemental expert exchange
    c. May 20, 2016 – deadline for completion of discovery
    d. June 28, 2016 – deadline for parties to file dispositive motions
    e. July 26, 2016 – hearing on dispositive motions
    f. September 2, 2016 – final pre-trial conference
    g. November 7, 2016 – first day of trial

2. Between September 2015 and the present, the parties have engaged in initial discovery, including written discovery, exchange of documents, and issuance of third party subpoenas.

3. The parties have recently agreed to focus their efforts on potentially resolving the case without the time and expense of further discovery and litigation. To this end, the parties have scheduled a mediation for April 7, 2016 with mediator Jeff Ross.

4. In order to provide the parties with adequate time to mediate their claims and facilitate resolution of this matter without the expenditure of any additional time and resources on discovery, the parties respectfully request that this Court temporarily stay discovery and take the dates set forth in the Court's September 8, 2015 Scheduling Order off calendar until after the April 7, 2016 mediation. This temporary stay is warranted so as to provide the parties with ample opportunity to explore resolution of their claims without incurring any additional

litigation expense. *See, e.g., Arrival Star, S.A. v. Blue Sky Network, LLC,* No. CV 11-4480 SBA, 2012 WL 588806, at *1-2 (N.D. Cal. Feb. 22, 2012) (staying discovery pending mediation so as to avoid "needless discovery expenses" and promote "judicial economy"); *Maxon v. Jefferson Pilot Securities Corp.,* No. C 01-02668 CRB, 2002 WL 523575, at *1-2 (N.D. Cal. Apr. 2, 2002) (same). This is the parties' first request for a stay. The parties hereby stipulate and agree as follows:

      a.    That discovery is stayed until after the April 7, 2016 mediation;

      b.    That the deadlines set forth in the Court's September 8, 2015 Scheduling Order be taken off calendar;

      c.    That, within five days of the April 7, 2016 mediation, the parties will submit to the Court a status report and, if the case does not settle as to all parties, a proposed scheduling order with proposed dates for completion of discovery, dispositive motions, and trial.

    5.    The parties further stipulate and agree that, should the mediation be unsuccessful, plaintiffs will produce all outstanding documents and information discussed in counsel's January 5, 2016 meet and confer session and referenced in defense counsel's January 5, 2016 email within one week of the mediation. If the mediation is unsuccessful, plaintiffs further agree that all plaintiffs will appear for depositions within two weeks of the mediation.

**IT IS SO STIPULATED.**

Dated: January XX, 2016        AKIN GUMP STRAUSS HAUER & FELD, LLP

By */S/ Liz K. Bertko*
        Liz K. Bertko
        Attorneys for Defendant Home Depot U.S.A., Inc.

1
2  Dated:  January XX, 2016        SHEA LAW OFFICES
3
4
5                        By */S/ Mary J. Shea*
                                    Mary J. Shea
6                                   Attorneys for Plaintiffs
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND [PROPOSED] ORDER TO TEMPORARILY STAY DISCOVERY
AND CASE MANAGEMENT DATES PENDING MEDIATION

**GOOD CAUSE SHOWING, IT IS HEREBY ORDERED THAT:**

1. Discovery is stayed until after the April 7, 2016 mediation so as to provide the parties with adequate time to mediate their claims without the expenditure of any additional time and resources on discovery;

2. The deadlines set forth in the Court's September 8, 2015 Scheduling Order are taken off calendar;

3. Within five days of the mediation, the parties will submit a status report and, if the case does not settle as to all parties, a proposed scheduling order containing proposed dates for completion of discovery, dispositive motions, and trial.

Dated: January 29, 2016                             /s/ JOHN A. MENDEZ

                                                    HON. JOHN A. MENDEZ
                                                    United States District Judge